# United States District Court

**NORTHERN** DISTRICT OF _____

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
**FILED**

OCT - 1 2014

CLERK, U.S. DISTRICT COURT
By _____
Deputy

UNITED STATES OF AMERICA

V.

DARYL EUGENE AGENT

**COMPLAINT**

CASE NUMBER: 3-14-MJ- 672 - BK

I, the undersigned complainant being duly sworn state the following is true and correct to the best of my knowledge and belief. On or about September 30, 2014, in the Dallas Division of the Northern District of Texas, defendant(s),

after having been convicted of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting interstate commerce or foreign commerce firearms, namely: (1) a 9mm Taurus PT 609 pistol, (2) a Norinco SKS 7.62 X39 rifle, said firearms having been shipped and transported in interstate or foreign commerce,

in violation of Title **18**, United States Code, Section(s) **922(g)(1)**.

I further state that I am a(n) **Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF)** and that this complaint is based on the following facts:

See attached Affidavit of Special Agent Selwyn DeLoach, (ATF) which is incorporated and made a part hereof by reference.

Continued on the attached sheet and made a part hereof:   XX Yes   No

_____
Signature of Complainant
SELWYN DELOACH
Special Agent, (ATF)

Sworn to before me and subscribed in my presence, on this _1st_ day of October, 2014, at Dallas, Texas.

RENÉE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE
Name & Title of Judicial Officer

_____
Signature of Judicial Officer

# AFFIDAVIT

I, Selwyn DeLoach, having been duly sworn do depose and state the following:

I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since December 2013. I am a graduate of the Criminal Investigator Training Program at the Federal Law Enforcement Training Center at Glynco, Georgia. I have received additional law enforcement training from the South Carolina Criminal Justice Academy and South Carolina Fire Academy. Previously, I held law enforcement positions at the Aiken County Sheriff's Office (Vice Investigator, Explosives Investigator, Narcotics Interdiction, Public Relations/ Community Policing Liaison, Explosives K-9 Handler and SWAT Operator) and the Aiken Department of Public Safety (Fire Prevention, Suppression and Inspections and Environmental Control Officer) in Aiken, South Carolina. As an ATF Special Agent, I am currently assigned to the ATF Dallas Group VII (Firearms Trafficking) to investigate violations of federal firearms laws.

As a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws and know that it is a violation of 18 U.S.C. § 922(a)(1)(A) for any person to engage in the business of importing, manufacturing, or dealing in firearms without a federal firearms license. As set forth in this affidavit, I believe there is probable cause to believe that Dewaylon Deon **WASHINGTON** has committed a violation of 18 U.S.C. § 922(a)(1)(A) and 2. Further, it is a violation of 18 U.S.C. § 922(g)(1) for any person, having previously been convicted of a crime punishable by term of imprisonment exceeding one year, to possess a firearm that had previously traveled in interstate or foreign commerce. As set forth in this affidavit, I also believe there is probable cause to believe that Daryl Eugene **AGENT** has committed a violation of 18 U.S.C. § 922(g)(1).

The information in this affidavit is based on my personal knowledge and information provided to me by other law enforcement officers and others, considered to be credible persons. Because this affidavit is provided for the limited purpose of establishing probable cause, the information contained herein is not a complete statement of all the facts related to this case. I have set forth only those facts that I believe are necessary to establish probable cause that Dewaylon Deon **WASHINGTON** has committed a violation of 18 U.S.C. § 922(a)(1)(A) and 2, in the Northern District of Texas, and that Daryl Eugene **AGENT** has committed a violation of 18 U.S.C. § 922(g)(1), in the Northern District of Texas.

## PROBABLE CAUSE

On August 19, 2014, I and ATF Special Agent Jennifer McCarty received information from HSI Special Agent Antonio Jasso that he had a confidential informant (CI), who had been contacted by an individual later identified as Myreon Dae'mone EVANS. According to the CI, EVANS had indicated to the CI that he was selling hand grenades, military grade assault rifles and other firearms. Because the information related to firearms, SA Jasso deemed it appropriate to forward this information to us at ATF. I opened an investigation.

From August 20, 2014, through August 27, 2014, the CI met and purchased three firearms from EVANS at a Jack in the Box restaurant at 110 East Camp Wisdom Road, Dallas, Texas. Specifically, over the course of three separate sales, EVANS sold the CI a .380 caliber pistol (August 20, 2014), a .45 ACP caliber pistol (August 25, 2014), and a .38 Special revolver (August 27, 2014), for a total of $1500 in sales. EVANS and a codefendant were arrested by federal agents after the third sale on August 27, 2014.

During the investigation, agents later learned that for the August 25, 2014 purchase, EVANS obtained the firearm, specifically a Haskell, Hi-Point, Model JHP, .45ACP caliber pistol, from **WASHINGTON**. **WASHINGTON** was present during the sale, during which the firearm was sold for $700.

Upon further investigation, agents determined that the Haskell, Hi-Point, Model JHP, .45ACP caliber pistol obtained from **WASHINGTON** was stolen from an interstate shipment of firearms from a Federal Firearms Licensee (FFL).

After EVANS's arrest, the CI, who had been given **WASHINGTON**'s phone number and advised by **WASHINGTON** during the August 25, 2014 sale to "call him if he needed anything else," called **WASHINGTON** and asked him if he was still able and willing to sell him/her firearms. **WASHINGTON** readily agreed. Between the dates of September 22, 2014, and September 25, 2014, **WASHINGTON** and the CI had several conversations – all of which were recorded – in which they discussed the details and logistics of firearms sales. **WASHINGTON** and the CI agreed to meet at a local Wal-Mart on September 25, 2014, to conduct the first (post-EVANS) firearms' sale. The CI specifically requested .45 caliber pistols but **WASHINGTON** advised that he may not have access to .45s and may need to bring **WASHINGTON** "what he could get."

Sales

On September 25, 2014, the CI met with **WASHINGTON** at the Wal-Mart located at 200 Short Drive, Dallas, Texas. **WASHINGTON** sold the CI a Hi-

Point, CF380, .380 caliber pistol for $446 (negotiated down from $500). **WASHINGTON**, who was also in possession of a SKS rifle, offered to sell the SKS rifle as well, but the CI declined. With regard to the SKS rifle, **WASHINGTON** explained that he had gotten it from someone else but would hold on to it for the CI to purchase at a later time.

Between the dates of September 25, 2014, and September 30, 2014, the CI and **WASHINGTON** discussed additional firearms' sales. **WASHINGTON** indicated he had to "order up" some guns and would get back with the CI when the guns were available. In one of the conversations, **WASHINGTON** asked the CI if he/she was a cop. After the CI reassured **WASHINGTON** that he/she was not a policeman, **WASHINGTON** indicated he would continue to do business with him/her and advised the CI that he would have another pistol and the SKS rifle for him/her for sale on September 30, 2014.

On September 30, 2014, **WASHINGTON** met the CI at the Wal-Mart and sold him/her a Norinco SKS 7.62 X 39 rifle for $1000. With regard to the pistol that was also to be sold, **WASHINGTON** explained that he had another pistol he was going to pick-up later that evening, and that he would call the CI once he had it and deliver it to the CI. **WASHINGTON** also stated that he had some more business to discuss with the CI, so he would call later.

Immediately following the firearms purchase, officers stopped the vehicle in which **WASHINGTON** was riding. **WASHINGTON** was the front-seat passenger of the vehicle. An individual identified as Daryl Eugene **AGENT** was the driver. **AGENT** gave officers consent to search the vehicle. Upon a consent search of the vehicle, a Taurus PT 609, 9mm pistol was located under the front passenger seat of the vehicle. The gun was loaded with 11 rounds.

**WASHINGTON** and **AGENT** were both subsequently interviewed by ATF agents.

Interview of Washington

On September 30, 2014, I and ATF SA Jennifer McCarty interviewed **WASHINGTON** at the Dallas Police Department Headquarters. **WASHINGTON** was verbally *Mirandized* then he read and signed a written *Miranda* form. **WASHINGTON** waived his rights and agreed to speak with us. The interview was video recorded.

**WASHINGTON** discussed his dealings with the CI and the firearms' sales, and told us that he obtained the firearms from multiple individuals with the intent to resell them to others at higher prices to make a profit. He admitted that in those

situations where he could not afford to buy the firearm and resell it, he would broker a deal between the firearm possessor and purchasee for a fee. **WASHINGTON** explained that he is currently unemployed and uses the money earned in his illegal firearms' dealing to support himself. **WASHINGTON** stated that he did not have a personal collection of guns, however, he did personally own the Taurus PT 609, 9mm pistol that was under the front passenger seat, which is why he did not sell it to the CI because it was for his protection. He also stated that he was solely buying, acquiring, and selling firearms to make a profit. **WASHINGTON** admitted that he was using the proceeds for his personal living expenses.

Interview of AGENT

On September 30, 2014, ATF SA Nathan Garber and SA Cody Sorrells interviewed Daryl Eugene **AGENT** at the Dallas Police Department Headquarters. **AGENT** was verbally *Mirandized*. He waived his rights and agreed to the interview. The interview, including the *Miranda* waiver, was audio and video recorded.

**AGENT** admitted that he was aware two firearms were in the vehicle. **AGENT** stated that **WASHINGTON** asked him to drive and ride with him to the Wal-Mart to sell some guns to a person to whom he had been selling firearms. **AGENT** stated he drove **WASHINGTON** to a location to retrieve the Norinco SKS rifle and observed **WASHINGTON** pull it out of a trash can and place the rifle on the backseat. **AGENT** admitted that the SKS rifle was in plain view and within **AGENT**'s reach at all times when it was in his vehicle. **AGENT** also stated that he knew **WASHINGTON** was carrying the 9mm pistol and saw him place it under the front passenger seat. **AGENT** stated that **WASHINGTON** was known to sell firearms on the street and that he believes **WASHINGTON** has sold twelve (12) firearms to include a stolen .45 caliber pistol.

A Federal Firearms Licensee check revealed that **WASHINGTON** has never held, nor currently holds a Federal Firearms License to engage in the business of dealing in firearms. Further, a criminal records check indicated that Daryl Eugene **AGENT** was convicted on May 28, 1990 for Attempted Capital Murder. Additionally, **AGENT** has several other felony convictions that occurred prior to his arrest on September 30, 2014.

The Norinco SKS 7.62 X 39 rifle was manufactured in China. The Taurus PT 609 9mm pistol was manufactured in Brazil. Both firearms were recovered in the Wal-Mart parking lot at 200 Short Drive, Dallas, Texas. Therefore both of these firearms traveled in interstate and foreign commerce.

All aforementioned events and incidents occurred within the city limits of Dallas, Texas, in the Northern District of Texas.

## CONCLUSION

Based on the aforementioned facts herein, I respectfully submit that there is probable cause to believe that between the dates of August 25, 2014, and September 30, 2014, Dewaylon Deon **WASHINGTON** knowingly and willfully committed a violation of 18 U.S.C. § 922(a)(1)(A) and 2.  Further, I also respectfully submit that there is probable cause to believe that on September 30, 2014, Daryl Eugene **AGENT** knowingly possessed a firearm after he had been convicted of a felony offense, in violation of 18 U.S.C. § 922(g)(1).

Selwyn DeLoach
Special Agent
U.S. Department of Justice,
Bureau of Alcohol, Tobacco,
Firearms & Explosives

Sworn and subscribed to me this 1st day of October, 2014.

RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE